Gentle Care Medical Services, P.C., as Assignee of Cristian Batista and Ramessar Tilackdharry, Respondent,
against
Country Wide Insurance Company, Appellant.




Jaffe & Koumourdas, LLP (Jean H. Kang, Esq.), for appellant.
Law Offices of Florence D. Zabokritsky, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered April 14, 2015. The order denied defendant's motion to vacate an order of the same court (Robin Kelly Sheares, J.) dated May 20, 2014, granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment dismissing the complaint, and thereupon to deny plaintiff's motion and grant defendant's cross motion, or for alternative relief.




ORDERED that the order entered April 14, 2015 is reversed, without costs, the branch of defendant's motion seeking to vacate the order dated May 20, 2014 and thereupon to deny plaintiff's motion for summary judgment and grant defendant's cross motion for summary judgment dismissing the complaint is granted, the order dated May 20, 2014 is vacated, plaintiff's motion for summary judgment is denied and defendant's cross motion for summary judgment dismissing the complaint is granted.
After issue was joined in this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. By order dated May 20, 2014, the Civil Court denied defendant's cross motion as untimely and granted plaintiff's motion. On appeal, defendant concedes that it did not timely submit the combined cross motion and opposition to plaintiff's motion, and, indeed, the record establishes that the papers were late by one business day.
Subsequently, defendant moved to vacate the May 20, 2014 order and, upon such vacatur, to deny plaintiff's prior motion and grant defendant's prior cross motion, or for alternative relief. In support of its motion, defendant submitted a general release, executed by plaintiff's sole officer and shareholder. Defendant's counsel stated that he had been unaware of the release at the time the prior motions had been decided. The release, dated before plaintiff had made its motion for summary judgment, essentially releases all pending no-fault claims against any insurance provider. It further states: "Presentment of a copy of this Release shall serve to advise any forum [*2]in which a claim for benefits is pending or subsequently filed on behalf of any of the Entities that such claim(s) has been withdrawn with prejudice." In opposition, plaintiff's counsel did not challenge the validity, authenticity or applicability of the release. In fact, plaintiff's counsel did not discuss the release. The Civil Court denied defendant's motion on the ground that the May 20, 2014 order had been granted on default.
In the circumstances presented, we find that the Civil Court improvidently exercised its discretion in allowing the May 20, 2014 order to stand. Rather, "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]), the May 20, 2014 order should be vacated and, upon such vacatur, plaintiff's motion for summary judgment should be denied and defendant's cross motion for summary judgment dismissing the complaint should be granted (see Gentle Care Med. Servs., P.C., as assignee of Yvan Acevedo and Nuris Paez v Country Wide Ins. Co., ___ Misc 3d ___, 2017 NY Slip Op _____ [appeal No. 2015-1217 K C], decided herewith).
Solomon, J.P., Pesce and Elliot, JJ., concur.
Decision Date: April 12, 2017